Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 1024 76

7-ELEVEN, INC.
Corporate Creations Network Inc.
126 EAST BURKE STREET
MARTINSBURG, WV 25401

**Control Number:** 273122
**Defendant:** 7-ELEVEN, INC.
126 EAST BURKE STREET
MARTINSBURG, WV 25401 US

**Agent:** Corporate Creations Network Inc.
**County:** Kanawha
**Civil Action:** 21-C-257
**Certified Number:** 92148901125134100003102476
**Service Date:** 3/30/2021

I am enclosing:

**1 summons and complaint, 1 other: (FIRST COMBINED DISCOVERY REQUESTS)**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office.**

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ANDRE H. JOYNER,

    Plaintiff,

v.                                           Civil Action No. 21-C-257
                                             Judge Bailey

7-ELEVEN, INC.,

    Defendant.

To:    7-Eleven, Inc.
        c/o Corporate Creations Network, Inc.
        126 East Burke St.
        Martinsburg, WV 25401

**IN THE NAME OF THE STATE OF WEST VIRGINIA**, you are hereby summoned and required to serve upon Jack C. Dolance, Warner Law Offices, PLLC, plaintiff's attorney, whose address 227 Capitol Street, Post Office Box 3327, Charleston, West Virginia 25333, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30) days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 3/25/21

Cathy S. Gatson, Clerk

CLERK OF COURT by C. Atkins

IN THE CIRCUIT COURT OF **KANAWHA** COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

2021 MAR 25 PM 2:59

### I. CASE STYLE:

Case No. 21-C-257

**Plaintiff(s)**

Judge: Bailey

Andre H. Joyner

Plaintiff's Phone: _____

**vs.**

**Defendant(s)**

| Days to Answer | Type of Service |
|---|---|
| 30 | Process Server |

7-Eleven, Inc
Name

126 East Burke St.
Street Address

Defendant's Phone: _____

Martinsburg, WV 25401
City, State, Zip Code

### II. TYPE OF CASE:

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

### III. JURY DEMAND: [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): ___/___

### IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?

[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: Jack C. Dolance
Firm: Warner Law Offices, PLLC
Address: P.O. Box 3327, Charleston, WV 25333
Telephone: (304) 345-6789

Representing:
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

[ ] Proceeding Without an Attorney

Original and __2__ copies of complaint enclosed/attached.

Dated: 03 / 25 / 2021    Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)    Revision Date: 4/2020

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ANDRE H. JOYNER,

    Plaintiff,

v.

                                            Civil Action No. 21-C-257
                                            Judge Bailey

7-ELEVEN, INC.,

    Defendant.

## COMPLAINT

For his Complaint, the Plaintiff, Andre H. Joyner, through counsel Jack C. Dolance of Warner Law Offices, PLLC, alleges and avers as follows:

### Nature of Action

1. This case arises from Defendant 7-Eleven's choice not to employ reasonable safety and security measures at its Charleston convenience store, despite a history of violence and criminal behavior at the store. As a result, a 7-Eleven employee, while on the job, was involved in an altercation with a group of individuals, leading to a shootout during which an unknown gunman shot and severely injured Plaintiff Andre H. Joyner, an innocent customer who had not been involved in the 7-Eleven employee's altercation.

### Parties, Jurisdiction, and Venue

2. At all pertinent times, Plaintiff Andre H. Joyner is and was a resident and citizen of Charleston, Kanawha County, West Virginia.

3. At all pertinent times, Defendant 7-Eleven, Inc., was a Foreign corporation licensed to do business in Kanawha County, West Virginia, with its principal place of business at 3200 Hackberry Rd, Irving, Texas.

4. The acts and omissions forming the basis of this Complaint all occurred in Kanawha County, West Virginia, and venue and jurisdiction are appropriate in the Circuit Court of Kanawha County pursuant to W.Va. Code § 56-1-1 and §51-2-2, respectively.

**Facts**

5. All preceding paragraphs are reincorporated as if set forth fully herein.

6. At all pertinent times, Defendant 7-Eleven operated its 24-hour convenience store and gas station located at 1630 East Washington Street in Charleston, Kanawha County, West Virginia, where Defendant sold alcoholic and non-alcoholic beverages, food, and gasoline to its patrons.

7. On December 16, 2020, Plaintiff Joyner was walking into Defendant's store as a customer invitee to purchase a cup of coffee.

8. On information and belief, the premises of Defendant's 7-Eleven location was (and is) the scene of frequent crime and violence, both before and after Mr. Joyner was shot there, including, on information and belief, one-hundred-nineteen (119) calls to Kanawha County Metro 911 to dispatch police to the store in the year prior to this incident.

9. Despite this history of violence and crime, on December 16, 2020, Defendant 7-Eleven made the choice to not employ reasonable security measures, not adequately train or supervise its employees, and otherwise failed to provide security and exercise reasonable care to provide a reasonably safe premises for its patrons, including Mr. Joyner.

10. Defendant 7-Eleven was aware of and complicit in the creation of security risks to patrons. As stated, 7-Eleven had a history of prior crime at its store. Thus, 7-Eleven knew and was aware of the risks of danger to Mr. Joyner and other innocent customers.

11. Despite the known risk of operating a 24-hour convenience store, Defendant 7-Eleven, in blatant disregard of the foreseeable consequences, failed to have adequate security safeguards in place and, for example, chose not to hire even a single security guard to monitor the location.

12. On December 16, 2020, a 7-Eleven employee, while on the job, became involved in an altercation with several individuals at the store, and at least one of the individuals began firing a gun.

13. A chaotic scene unfolded, with customers trying to escape the gunfire.

14. A bullet struck Mr. Joyner in the back and he fell to the ground, bleeding profusely, in severe pain, and struggling to breathe.

15. Due to the urgent need for treatment of his injuries, Mr. Joyner was rushed to a nearby emergency room in a private vehicle, where the severity of Mr. Joyner's gunshot wound injuries required that he undergo surgery.

16. As a direct and proximate result of the acts and/or omissions of Defendant 7-Eleven as set forth in detail herein, Plaintiff suffered harms including but not limited to the following:

    a. Serious physical injury, pain, suffering, mental anguish;

    b. Loss of income;

    c.    Compensation for the pain and suffering that Mr. Joyner was forced to endure;

    d.    Other expenses reasonably incurred as a result of the wrongful conduct of Defendant 7-Eleven.

## COUNT I:
## Negligence

17.    All preceding paragraphs are reincorporated as if set forth fully herein.

18.    At all pertinent times, Defendant 7-Eleven, its agents, apparent agents, employees, servants, and/or any other personnel involved in providing services to its patrons/invitees were acting within the scope of their agency or employment.

19.    At all pertinent times, it was foreseeable by the agents, apparent agents, employees, servants, and/or any other personnel involved in providing services to its patrons/invitees, that patrons/invitees would be at risk for injury and/or death from violent acts of 7-Eleven employees and/or third parties on or about its premises.

20.    At all pertinent times, 7-Eleven knew, by and through its agents, apparent agents, employees, servants, and/or any other personnel involved in providing services to its patrons/invitees, that patrons/invitees would be at risk for injury and/or death from violent acts of 7-Eleven employees and/or third parties on or about its premises.

21.    On or about December 16, 2020, Mr. Joyner was shot on Defendant's premises and suffered serious physical injuries as a result of the gunshot wound, including but not limited to the following:

    a.    grade IV injury to left kidney,

    b.    grade I liver injury,

  c. transverse colon perforation,

  d. three (3) gastric perforations, and

  e. mesenteric hematoma.

22. Defendant 7-Eleven had a duty to exercise ordinary care to protect invitees from negligent and criminal acts of its own 7-Eleven employees and third parties, particularly when Defendant knew of an unreasonable risk of harm to the invitees.

23. Defendant 7-Eleven through agents and/or employees failed to provide reasonable and adequate security measures to ensure the health, safety, and welfare of patrons, business invitees, or other individuals while on or about the premises.

24. The security measures utilized by Defendant 7-Eleven, if any, did not provide a reasonably safe environment for its patrons, business invitees, or other individuals on or about the premises.

25. Defendant 7-Eleven breached the duty of care it owed to Mr. Joyner and others, and was thereby negligent, careless, and reckless through acts and omissions including, but not limited to, the following:

  a. Failure to devise, implement, and follow a proper security plan;

  b. Failure to properly employ and deploy an adequate number of security personnel to reasonably protect persons on the premises;

  c. Failure to utilize reasonable and appropriate measures to protect persons on the premises when it knew of a dangerous condition on the premises;

  d. Failure to maintain a lookout for criminal activity on the premises;

  e. Failure to protect patrons, including Mr. Joyner, from violent activity and injury; and

      f.     Various other acts and omissions which may be developed throughout the course of discovery.

26. Mr. Joyner's gunshot injuries were a direct and proximate result of the above-stated wrongful acts and/or omissions of Defendant 7-Eleven.

27. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant 7-Eleven, along with its employees, agents and apparent agents, servants, and representatives, Plaintiff Andre Joyner was caused to suffer a horrific gunshot injury at the premises of Defendant's 7-Eleven store.

28. As a further direct and proximate result of the negligence, carelessness, and recklessness of Defendant 7-Eleven and its employees, agents and apparent agents, servants, and representatives, Plaintiff Andre Joyner suffered extreme pain and suffering and severe emotional distress and trauma, including struggling for his life and extreme stress at the realization that his death could be imminent.

29. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant 7-Eleven and its employees, agents and apparent agents, servants, and representatives – which show a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others – Plaintiff Andre Joyner asserts a claim for both compensatory and punitive damages pursuant to W.Va. Code § 55-7-29 in amounts to be determined by a Kanawha County jury at trial.

## COUNT II:
## Negligent Hiring, Training, Supervision, and Retention

30. All preceding paragraphs are reincorporated as if set forth fully herein.

31. At all pertinent times, Defendant 7-Eleven owed Mr. Joyner a duty to exercise reasonable care in the hiring, training, retention, and supervision of its employees, agents, and representatives.

32. Defendant 7-Eleven was negligent, careless, and reckless in one or more of the following particulars:

   a. Failure to provide reasonable and necessary training, education, and instruction to its employees/agents, for the adequate planning and implementation of an appropriate security plan and protocol;

   b. Failure to check the background of potential employees for violent criminal convictions and other indicators of violent and/or reckless propensities; and

   c. Various other acts and omissions which may be developed throughout the course of discovery.

33. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant 7-Eleven and its employees, agents and apparent agents, servants, and representatives, Plaintiff Andre Joyner was caused to suffer a horrific shooting in his back at Defendant's 7-Eleven convenience store.

34. As a further direct and proximate result of the negligence, carelessness, and recklessness of Defendant 7-Eleven and its employees, agents and apparent agents, servants, and representatives, Plaintiff Andre Joyner suffered extreme pain and suffering and severe emotional distress and trauma, including a struggle for his life and extreme stress regarding his awareness that his death was likely imminent.

35. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant 7-Eleven and its employees, agents and apparent agents,

servants, and representatives – which show a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others – Plaintiff Andre Joyner asserts a claim for both compensatory and punitive damages pursuant to W.Va. Code § 55-7-29 in amounts to be determined by a Kanawha County jury at trial.

**WHEREFORE**, the Plaintiff Andre H. Joyner demands judgment against the Defendant 7-Eleven for damages in an amount exceeding the jurisdictional requirements of this Court, and in such sums as will fairly and fully compensate the Plaintiff for the sustained losses, injuries, and damages proximately caused by the Defendant, together with pre- and post-judgment interest, and reasonable attorney fees and costs in and about the prosecution of this action. The Plaintiff further demands judgment against this Defendant which is punitive or exemplary in nature and is sufficient to punish this Defendant for its conscious, reckless, and outrageous indifference to the health, safety, and welfare of others – and to deter like conduct in the future – together with any and all further relief in favor of the Plaintiff that this Court deems just under the circumstances.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury upon all issues raised in this Complaint.

Dated:  March 25, 2021          Respectfully submitted,

**ANDRE H. JOYNER,**

By Counsel,

_____
Jack C. Dolance (WVSB #12428)
WARNER LAW OFFICES, PLLC

**COMPLAINT**: JOYNER *v.* 7-ELEVEN, INC.

227 Capitol Street
Post Office Box 3327
Charleston, West Virginia 25333
Telephone: (304) 344-4460
Facsimile: (304) 344-4508
*jdolance@wvpersonalinjury.com*

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ANDRE H. JOYNER,

    Plaintiff,

v.

    Civil Action No. 21-C-257
    Judge Bailey

7-ELEVEN, INC.,

    Defendant.

### CERTIFICATE OF SERVICE

I, Jack C. Dolance, counsel for Plaintiff, hereby certify that a true and exact copy of the foregoing *"Plaintiff Andre H. Joyner's First Combined Discovery Requests to 7-Eleven, Inc."* was served upon Defendant on the 25th day of March, 2021 addressed as follows:

7-Eleven, Inc.
c/o Corporate Creations Network, Inc.
126 East Burke St.
Martinsburg, WV 25401

Jack C. Dolance (WVSB #12428)
WARNER LAW OFFICES, PLLC
227 Capitol Street
Post Office Box 3327
Charleston, West Virginia 25333
Telephone: (304) 345-6789
Facsimile: (304) 344-4508
jdolance@wvpersonalinjury.com

APR 0 5 2021